| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| MICHAEL BRENT BROWN, § | |
| § | |
| Petitioner, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:19-CV-54 |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
| Respondent. § | |

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Michael Brent Brown, an inmate confined at the Polunsky Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends that the petition be dismissed as barred by limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Petitioner filed objections to the Report and Recommendation. The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes petitioner's objections are without merit.

Petitioner did not diligently pursue his rights and has failed to adequately explain the excessive delay in this case. Petitioner contends that an impediment to filing his state application for writ of habeas corpus existed. Petitioner claims he had requested the production and inspection of the dash cam video taken on the night of his traffic stop. However, while the video may have been beneficial to his case, the lack of the video tape did not prevent petitioner from filing his state application for writ of habeas corpus. Further, it is noted that petitioner did not make his initial request for the video until more than ten months after his conviction became final based on the denial of his appeal by the United States Supreme Court. Petitioner has made no attempt to explain this delay.

Next, petitioner acknowledges his state application was past due when he received notice from the clerk on October 10, 2017 that his request for the video tape had been denied. However, instead of filing his state application at that time, petitioner claims he then sought the assistance of legal counsel before mailing his state application on December 26, 2017.

Finally, petitioner has failed to provide any explanation for the delay of more than four months between the date on which his state application was denied by the Texas Court of Criminal Appeals and the date he filed his federal petition. Petitioner did not pursue his rights diligently.

The statutory limitations period is subject to equitable tolling in appropriate cases. *See Holland v. Florida*, 560 U.S. 631, 645, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010); *United States v. Jackson*, 470 F. App'x 324 (5th Cir. 2012). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. *Holland* defines "diligence" for these purposes as "reasonable diligence, not maximum feasible diligence." *Id.*, at 653. "[E]quity is not intended for those who sleep on their rights." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010).

Petitioner has failed to demonstrate he pursued his rights diligently and could not have discovered his claims earlier due to some extraordinary circumstance. Neither proceeding *pro se*, having limited access to a law library, nor lacking knowledge of filing deadlines can serve as a basis for equitable tolling as they are not a "rare and exceptional" circumstance of prison life. *See Felder v. Johnson*, 204 F.3d 168, 170 (5th Cir. 2000). A *pro se* prisoner's ignorance of the law of habeas corpus is likewise insufficient to invoke equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Accordingly, equitable tolling is not warranted, and the petition is barred by limitations. Therefore, petitioner's objections should be overruled.

Additionally, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard

for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Thus, the petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Therefore, a certificate of appealability shall not be issued.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

**Signed this date**
Jul 15, 2019

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE